Chief Justice Robertson
delivered the Opinion of the Court.
The only question which need to be considered in this case, is whether the fact that an absolute bill of sale of a slave shows on its face, that the vendor has not delivered the possession to the vendee, but retains it himself, under a covenant to deliver the slave at a future day, is sufficient to bring the case within any exception to the general rule, that, unless the possession of movable property accompany and follow an absolute sale of it, the sale is fraudulent per se, and void as to any bona fide creditor of the vendor.
The Circuit Court decided, in effect, that it was not, and we approve that decision.
It is the settled doctrine of this Court, that, whenever the title absolutely passes, by a contract between the owner and the purchaser, the possession of the thing sold, if it be moveable- property, and then susceptible of delivery, must go with the title, or that, otherwise, the sale will, for the benefit of a creditor of the seller, or a subsequent bona fide purchaser from him, be deemed fraudulent in law. A stipulation that the vendor shall retain the possession, is evidence only of the fact, that, by the contract, he is entitled to do so, and is no more efficacious than the fact, that he is, without stipulation on the contract of sale, permitted to retain the possession. *135 Nor can it have more effect than an extraneous, parol agreement, that the vendee shall, notwithstanding the absolute sale, permit the possession to remain with the vendor. If the sale of the title be unconditional, the established rule of law, as to constructive fraud, cannot be evaded by any agreement respecting a possession incompatible with the title. To admit that it could be, would virtually abolish it altogether. For when the possession does not accompany the title, there is generally an agreement that it shall remain with the seller, and it would be easy to insert that fact in the written memorial of the sale.
When the vendor retains the possession of property susceptible of delivery, the only question is, whether the sale was absolute or conditional; and, if absolute, the law pronounces it fraudulent. Hundley vs. Webb, 3 J. J. Mar. 643.
Wherefore, perceiving no error in the record, the judgment of the Circuit Court must bé affirmed.